ISABELLA M. BAIRD, as Executrix, etc., of JOHN BAIRD, Deceased,
Respondent, v. WILLIAM BAIRD, Appellant, Impleaded with
Another.

ISABELLA M. BAIRD, as Executrix, etc., of JOHN BAIRD, Deceased,
Appellant, v. JAMES C. BAIRD, Respondent, Impleaded with Others.

*Foreclosure of a mortgage — evidence of the declarations of the mortgagee — effect of a
seal on a written instrument — Code of Civil Procedure, § 840 — evidence as to the
contents of books.*

In an action brought to foreclose a mortgage, where the plaintiff is the personal
representative of the mortgagee, and is not a purchaser or assignee for value of
the mortgage, the declarations of her testator, made during the time that he
was the holder and owner of the mortgage, are competent evidence.

Formerly a seal upon an instrument imported consideration, and such presumption
could not be rebutted so as to invalidate the instrument; and such is still the effect
of a seal upon executed instruments, such as a deed of real estate; but upon
executory contracts its effect has been changed by statute, so that a seal is only
presumptive evidence of a sufficient consideration which may be rebutted in
the same manner as if the instrument had not been sealed.   A mortgage is an
executory instrument, and comes within the provisions of section 840 of the
Code of Civil Procedure.

*Semble,* that it is not competent for a witness to testify, upon the trial of an
action, as to the contents of books, as the books themselves are the best evi-
dence of their contents.

APPEAL by the plaintiff, Isabella M. Baird, as executrix, etc., of
John Baird, deceased, from a judgment of the County Court of
Monroe county in favor of the defendants, entered in the office of
the clerk of the county of Monroe on the 4th day of January, 1894,
upon the decision of the court dismissing the plaintiff's complaint
upon the merits, and directing the discharge of a certain mortgage
and *lis pendens* from the records in the office of the clerk of the
county of Monroe.

Appeal by the defendant, William Baird, from so much of a
judgment of the County Court of Monroe county in favor of the
defendants, entered in the office of the clerk of the county of Mon-
roe on the 4th day of January, 1894, upon the decision of the court,
as dismisses the defendant's answer setting up a counterclaim.

*Arthur E. Sutherland,* for Isabella M. Baird, as executrix, etc.

*George A. Benton,* for James C. Baird and William Baird.

HAIGHT, J.:

This action was brought to foreclose a mortgage given by the defendant, William Baird, to John Baird, the plaintiff's testator, as a security for the payment of the sum of $1,500. The County Court has found as facts that the mortgage was executed and deliv-. ered without intending the same to be a valid and subsisting security, and that it was not the intention of either party to said instrument that it was to be a valid and subsisting security based upon any consideration in fact, or to be enforced against the defendant, William Baird, and was never to be recorded; that the mortgage was not recorded by the plaintiff's testator, but was recorded by the plaintiff herself after her marriage with him in the year 1876. That John Baird, on different occasions after the execution of the mortgage, and to different parties with whom he had conversations upon the subject, stated that there was no indebtedness existing from the defendant to him, and that there was no consideration for the mortgage, and that it was not to be enforced, and was not to be recorded.

Upon the trial evidence was given tending to show that in the year 1873 John Baird was the owner of the farm upon which the mortgage in suit was given; that he had two sons, James and William; that he was indebted to them in the sum of $5,000, and that it was agreed between them that this indebtedness should be paid by his deeding to them each an undivided half of the farm in question; that pursuant to that agreement the boys entered into possession of the farm, and have since occupied the same. That subsequently, and about the 30th day of October, 1874, and in consideration of the agreement so made, John Baird executed and delivered to his sons a deed of the premises, and thereupon asked them each to execute and deliver back to him a mortgage thereon for the sum of $1,500, stating that he wished it only for the purpose of controlling the place, and preventing their selling it in case either of them should get into trouble through speculations or otherwise, and that he would not have it recorded, or hold it as an evidence of any debt owing to him, but would surrender it up and have the mortgages canceled whenever it was necessary and advisable so to do; that thereupon the mortgages, of which that in suit is one, were executed and delivered to him.

Our examination of the evidence leads us to the conclusion that it is sufficient to sustain the findings of the trial court.

The plaintiff is the personal representative of the deceased, and stands in his place. She is not a purchaser or assignee for value of the mortgage, and we think that there can be no doubt but that the declarations of her testator, made during the time that he was the holder and owner of the mortgage, were competent as evidence.

A question exists in reference to the competency of the evidence given of declarations made at the time of and before the execution and delivery of the mortgage. This evidence was taken under objection, and it is now claimed that it tends to contradict an instrument which is under seal. We are, however, inclined to the view that the evidence was properly received. If it should be held that the evidence could not be received for the purpose of showing want of sufficient consideration in the mortgage, or that it had no consideration, still, we think, it was competent to show the circumstances and purpose for which it was delivered. But we are inclined to the view that it may also be received for the purpose of showing a want of consideration. It is true that the mortgage is under seal, and recites that it was given in consideration of the sum of $1,500. Formerly, a seal upon an instrument imported consideration, and the presumption could not be rebutted, so as to invalidate the instrument; and such is still its effect upon executed instruments, such as a deed of real estate; but upon executory contracts its effect has been changed by statute, so that a seal is only presumptive evidence of a sufficient consideration which may be rebutted as if the instrument was not sealed. (2 R. S. 406, § 77; Code Civ. Proc. § 840.) A mortgage is an executory instrument and comes within the provisions of this statute.

In Jones on Mortgages (5th ed.), at section 1297, it is said that want of consideration is a good defense, and parol evidence is admissible to show that no debt ever existed between the parties to the mortgage. At section 613 it is said that "A mortgage under seal implies consideration at common law and none need be proved, and it is good if it is shown that none was given. Neither courts of law nor equity will allow the consideration to be inquired into for the sake of declaring the instrument void for want of consideration, but they will for the purpose of ascertaining what is due upon it. * * * In New York a seal affords only presumptive evidence of

a sufficient consideration, and this presumption may be rebutted in the same manner and to the same extent as if the instrument were not under seal. A mortgage imports a consideration, so that the burden is upon the party who sets up the want of consideration to prove that it was made without consideration."

In *Parkhurst* v. *Higgins* (38 Hun, 113) the precise question involved appears to have been considered by this court, and SMITH, P. J., in delivering the opinion of the court, says : " Testimony was given on the part of the defendants of declarations made by Caleb Higgins at the time of the execution of the mortgage, and also prior and subsequent thereto, with reference to the object, purpose or consideration of the mortgage. The plaintiff's counsel objected to the proof of any declaration not amounting to an agreement between the parties as immaterial; also to any parol proof on the part of the defendants to contradict the mortgage, and also to any declarations of the mortgagee against the plaintiff. These objections were overruled and the plaintiff's counsel excepted. We think there was no error in the rulings. It was competent to show by parol the actual purpose and consideration of the mortgage and the fact that it was without consideration."

In *Davis* v. *Bechstein* (69 N. Y. 440) Davis executed to one Riley a bond and mortgage simply as an accommodation to be used as collateral security for a loan he proposed effecting. Riley failed to procure the loan, but sold the bond and mortgage to Bechstein. In an action brought by Davis to have the bond and mortgage canceled, it was held that Riley had no authority to sell the bond and mortgage to Bechstein; that it was given without consideration, and that Davis was entitled to judgment declaring the bond and mortgage void.

In *Schenck* v. *Warner* (37 Barb. 258) it was held that the evidence of the declarations and admissions of the deceased mortgagee in his lifetime, tending to show a part payment of the mortgage by the plaintiff, was admissible in such action, it not being given against a subsequent purchaser or assignee for value. (*Anthony* v. *Harrison*, 14 Hun, 198, 217; S. C., affd., 74 N. Y. 613; *Cady* v. *Jennings*, 17 Hun, 213; *Produce Bank* v. *Bache*, 30 id. 351; *Wearse* v. *Peirce*, 24 Pick. 141; *Hannan* v. *Hannan*, 123 Mass. 441; *Cawley* v. *Kelley*, 60 Wis. 315–319; *Briggs* v. *Langford*, 107 N. Y. 680.)

James Baird was a competent witness for his brother William. (*Lyon* v. *Ricker*, 141 N. Y. 225–232; *Hobart* v. *Hobart*, 62 id. 80.) In his testimony he spoke of the interview between William and his father occurring in March, 1873, and stated that the books were produced, and that the accounts were footed up, and that he footed up William's account, and that the amount was $2,600. This evidence was taken under objection. It was not competent for the witness to testify as to the contents of the books, for the books would furnish safer evidence, but we do not understand him to have given the contents of the books. He has only stated the amount of the footings of the figures made by himself. The amount of these footings came in as a part of the conversation that took place between the parties at the time the agreement was made to transfer the farm in consideration for the amount that was owing to William and James by their father.

The judgment should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from in each case affirmed, with costs to the defendant.