(8 App. Div. 422)                WELLS v. WELLS.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. EVIDENCE—DOCUMENTS—PRELIMINARY MEMORANDUM OF AGREEMENT.
   A preliminary memorandum signed by the parties is merged in a subsequent formal contract executed by them, and therefore is not admissible in evidence to show what the agreement was, but it is admissible for the purpose of showing the consideration.

2. SAME—PAROL TO EXPLAIN WRITING.
   Where a written contract recites a certain sum of money as the consideration, parol evidence is admissible to show the items of which such sum is made up.

Appeal from special term, Erie county.

Action by George H. Wells against Schuyler C. Wells and Patrick McCarrick to dissolve a co-partnership existing between the parties. From a judgment entered on the report of a referee in favor of plaintiff, and from an order confirming the report, defendant Wells appeals. Affirmed.

The parties to this action were the owners, as co-partners, of a steamboat named the Shiloh, which they were engaged in running upon Silver Lake, in this state. The co-partnership was started in the year 1883, at which time a boat was built and placed upon the lake, where it continued to run for one season and part of another, when it was destroyed by fire. The firm then built the boat in question to take the place of the one destroyed, using in the latter boat such portions of the machinery of the first boat as were suitable for that purpose. Originally the defendant McCarrick was the owner of a one-half interest in the boat, and the plaintiff and the defendant Schuyler C. Wells were the owners of the other half; the plaintiff owning one-sixth and the defendant Schuyler C. Wells two-sixth interest therein. At the time these boats were constructed, the Wells brothers were co-partners in business, at Leroy, Genesee county, under the firm name of S. C. Wells & Co., and as such were engaged in manufacturing and selling certain proprietary medicines known as "Shiloh Remedies," and the boats were designed primarily as advertising mediums for these remedies, although they were also employed for carrying passengers and freight. In the fall of 1892, negotiations were commenced between the Wells brothers to dissolve the last-mentioned partnership, which were consummated upon the 14th day of October in that year by the sale of the plaintiff's interest therein to the defendant Schuyler C. Wells, and a written bill of sale of such interest was executed by the plaintiff upon the last-mentioned date, which recited a consideration of $20,000. Upon the trial it was established by undisputed evidence that this consideration was made up of two notes executed by the defendant Wells of $5,000 each and one of $4,000 or $4,500, a conveyance by the same defendant to the plaintiff of an undivided one-half interest in a farm in Vermont, and the surrender by him to the plaintiff of the latter's note of $1,757.94, which the defendant then held. It was also claimed by the plaintiff, and evidence was given tending to prove, that the defendant Wells likewise transferred to him his two-sixths interest in the steamboat Shiloh, and that such transfer was accepted by the plaintiff as a part of the consideration named for the sale by him of his interest in the proprietary medicine business. This action was brought to dissolve the co-partnership relating to the steamboat, and for an accounting to ascertain the rights and interests therein of the several parties. Previous to the trial a receiver was appointed, who sold the boat, which constituted the entire assets of the firm, for the sum of $625. It was conceded that one-half of this sum, less the expense of the receivership, belonged to the defendant McCarrick; the only issue in the case being as to the ownership of the other half, the plaintiff claiming the whole of it, and the defendant Schuyler C. Wells insisting that he still owned two-sixths thereof. The case was referred, and this issue was determined by the referee in favor of the plaintiff, and the

defendant Wells appeals from the judgment entered upon such report, as well as from an order confirming the same.　.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

F. S. Randall, for appellant.

Walter H. Smith, for respondent.

ADAMS, J.　All the material allegations of the complaint were virtually admitted by the answer of the defendant Wells, save the one relating to the interests of the two brothers in the boat Shiloh. Upon the presumption that no error was committed by the learned referee in the admission of evidence at the trial, he was clearly justified in his finding of fact that the defendant Wells had parted with his interest in the boat in question, and that the plaintiff was the owner of an undivided one-half interest therein.　Indeed, the evidence preponderates so clearly in favor of the plaintiff's contention that it is difficult to see how any other conclusion could have been reached.　The only questions, therefore, which seem to require serious consideration, are those which are presented by the exceptions in the case.　These exceptions are six in number, but they really present but two distinct propositions.　It appears that when the negotiations for the transfer by the plaintiff to his brother of his interest in the business of S. C. Wells & Co. were initiated, a written memorandum, stating in a general way the consideration for such transfer, was drawn up and signed by the parties, which reads as follows:

"Leroy, N. Y., Oct. 1st, 1892.

"I hereby agree to pay G. H. Wells for his one-third interest in the business of S. C. Wells & Co., note for fourteen thousand dollars, payable one year from Aug. 1st, 1892, & my half interest in homestead farm, & surrender a note I hold of his of $1,757.94.　　　　　　　　　　S. C. Wells.

"G. H. Wells."

Subsequently, and upon the 14th day of October, 1892, a somewhat more formal bill of sale was drawn up, which was executed by the plaintiff, and which stated with more particularity the details of the transfer; and in this latter instrument the consideration specified was the sum of $20,000.　Upon the cross-examination of the plaintiff the memorandum first referred to was offered in evidence by the defendant's counsel, to which offer the plaintiff's counsel objected, upon the ground that it was incompetent, irrelevant, and immaterial. The objection was sustained by the referee, to which ruling the defendant's counsel duly excepted.　Subsequently, and when the defendant had the case, he again offered this paper in evidence, and it was received by the referee, who stated that he received it, not as proof of what the true consideration for the transfer of the plaintiff's interest in the business was, but for the purpose of showing what the consideration was made up of; and to this ruling and statement of the referee no exception was taken by the defendant.　It will be observed, in reference to this memorandum, that it does not purport to represent anything more than the amount which the defendant Wells agreed to pay his brother for his interest in the busi-

ness.  It was a mere preliminary and informal memorandum, which was subsequently merged in the more formal agreement of October 14th.  It was, therefore, only competent as it bore upon the question of consideration, and for that purpose the defendant had whatever benefit he could derive from it as an item of evidence in the case, and consequently his exception to the earlier ruling of the referee seems to be deprived of any force.

The plaintiff, while upon the stand, was permitted to state, over the objection of the defendant's counsel, a conversation which he claims took place between him and his brother at the time the bill of sale was executed, and in the course of which he testified that his brother said that he transferred his interest in the boat Shiloh as part consideration for the transfer by the plaintiff to him of his interest in the Shiloh remedy business.  Defendant's counsel insisted that this evidence tended to vary the terms of a written instrument, and that, therefore, it was incompetent for any purpose, and his exception to its admission raises the only question which remains for our consideration.  The bill of sale does not attempt to specify in what manner the consideration of $20,000 therein mentioned was made up further than to refer to it as "lawful money of the United States"; but the plaintiff was permitted to testify that this sum was made up of two notes of $5,000 each; one of $4,000 or $4,500; the transfer of the undivided interest in the Vermont farm, the consideration for which, as mentioned in the deed, was the sum of $3,000; the surrender of plaintiff's note of $1,757.94, and the interest of the defendant Wells in the boat Shiloh.  We think no error was committed by the learned referee in permitting the plaintiff to testify as to the actual consideration entering into this agreement of October 14th, inasmuch as it is a well-settled rule of construction that the true consideration entering into a contract is always open to explanation and variation by parol evidence.  McCrea v. Purmort, 16 Wend. 460; Adams v. Hull, 2 Denio, 306; Wheeler v. Billings, 38 N. Y. 263; Arnot v. Railway Co., 67 N. Y. 315; Miller v. McKenzie, 95 N. Y. 575.  But this rule is, of course, subject to the limitation that the variation or contradiction shall not be permitted to invalidate the instrument itself. (Fuller v. Artman, 69 Hun, 546, 24 N. Y. Supp. 13); and the reason for the rule is quite apparent, for, as it is well known, the consideration expressed in conveyances and other similar instruments is frequently an arbitrary one, which does not actually represent the intention in that respect of the parties executing them; and it so happens that this very case furnishes an illustration of this fact, for upon the examination of the defendant Wells he claimed that the consideration of $20,000 mentioned in the bill of sale was merely a nominal one, and then added, "It didn't make any difference whether we called it twenty thousand or some other sum."  It will be seen, therefore, that this, like very many cases of like character, is one where the true consideration was not intended to be expressed by the parties to the bill of sale at the time it was executed, and consequently within the principle referred to.  It is one in which evidence dehors the contract was permissible without doing violence to the rule which counsel evidently had in mind, that parol evidence is not

competent to vary a written instrument. In other words, this bill of sale, in so far as it purported to state the consideration therefor, was in reality nothing more than a receipt; and that such an instrument is always open to explanation and contradiction is a proposition of law which has been recognized and adopted by the courts of this state since the early part of the present century. Monell v. Lawrence, 12 Johns. 521. Failing, then, to discover any reversible error in the rulings of the referee, we think the judgment appealed from should be affirmed.

Judgment and order appealed from affirmed, with costs. All concur.