## LORCH v. LORCH.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

TRIAL—STATEMENT AND CONDUCT OF JUDGE.

> Statements by the trial judge, referring to the principal witness of plaintiff, that he was the most unmitigated little scamp he ever saw, and other statements as to his credibility, the refusal of a charge to the jury that such statements were improper, and the giving of a charge that it was extremely proper for him to say what he did, are such misconduct as to require a new trial.
>
> Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Charles Lorch against Caroline Lorch for divorce. From a verdict for defendant and an order denying motion to set aside verdict, plaintiff appeals. Reversed.

Divorce was sought on the ground of adultery with one Johnston, who testified to several acts of adultery. During the trial the trial justice said to the witness Johnston, while he was still on the witness stand, in the presence of the jury: "I think you are the most unmitigated little scamp I ever saw, and

it will be lucky for you if you keep out .of state's prison;" to which plaintiff took an exception. Again, in his charge to the jury, the trial justice said: "But this Johnston, as I said during his examination, in my opinion is a most unmitigated little scamp. * * * If you think he is to be believed, * * * you may. If you think he is to be believed, why then believe him. * * * Now, I have told you my opinion of Johnston, but if you think Johnston has been corroborated by credible witnesses, then it is possible that even such a degraded little wretch as Johnston might tell the truth." To these remarks plaintiff's counsel asked the court to charge "that the observation made by your honor to the witness Johnston was improper, and would tend to prejudice the jury." The court declined so to charge, and plaintiff took an exception. The court then said: "I do charge that it is extremely proper for me to say exactly what I did say. I also tell you, gentlemen of the jury, that you may have a different opinion on that subject, and it is your opinion that is to decide this case." Plaintiff excepted to this statement. Plaintiff also took an exception to the court's statement on that point, as repeated in his charge to the jury.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George W. Albright, for appellant.

Greenthal & Greenthal, for respondent.

PER CURIAM. We think the questions of fact in this case were proper for the jury, and their verdict is not against the weight of evidence; but in view of the occurrences on the trial, and the charge of the court in relation thereto, we think the ends of justice require that there should be a new trial.

The order appealed from is therefore reversed, and a new trial ordered, .with costs to the appellant to abide the event.

VAN BRUNT, P. J., dissenting.