### FORGOTSTON et al. v. CRAGIN.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

CONTRACTS—FAILURE OF CONSIDERATION—PLEADING—OWNERSHIP OF GOODS.

Where plaintiff sued on a contract by which he transferred to defendant his claim to certain goods which defendant had obtained from a third party, with whom plaintiff was jointly interested in the goods, and the answer alleged that neither plaintiff nor such third party had any title to the goods, but that the same had been replevied by the true owner, there was a sufficient showing of failure of consideration for the contract, so that plaintiff was not entitled to judgment on the pleadings.

O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by John S. Forgotston and another against Irving F. Cragin. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

The action is brought to recover the sum of $775 on a contract of which the following is a copy:

"Whereas, a certain agreement was entered into between the Silver-Metal Company and J. S. Forgotston & Company, dated March 5th, 1897, a copy of which is in possession of Irving F. Cragin; and whereas, in pursuance of the terms of said agreement certain merchandise has been delivered to said Irving F. Cragin, and certain drafts have been drawn upon the said Irving F. Cragin by the said Silver-Metal Company, amounting in the aggregate to the sum of $899.00; and whereas, J. S. Forgotston & Company have actually advanced under said agreement the sum of $688.00, and having incurred certain expenses in relation thereto amounting to the sum of —— dollars; and whereas, it has been agreed that said merchandise shall be turned over to said Cragin, to be absolutely at his disposal, free from any claims of the said J. S. Forgotston & Company: Now, this agreement witnesseth that, in consideration of the sum of one dollar by each to the other in hand paid, said J. S. Forgotston & Company and said Irving F. Cragin have agreed with each other as follows: The said goods are to be in the absolute control of said Cragin, and the said J. S. Forgotston & Company transfer to said Cragin all their right, title, and interest therein and the proceeds thereof, and in consideration thereof said Cragin agrees to pay to J. S. Forgotston & Company the sum of $775 within ninety days from the date hereof. In witness whereof, the parties hereunto have set their hands and seals this 21st day of May, 1897.　　　　　　　　　　Irving F. Cragin.　　　　[Seal.]
　　　　　　　　　　　　　　　　　　"J. S. Forgotston & Company.　[Seal.]

"In presence of Jas. C. De La Mare."

The amended answer sets forth in full the contract between the plaintiffs and the Silver-Metal Company referred to in the agreement on which the action is founded. The substance of the contract between plaintiffs and the Silver-Metal Company, a Colorado corporation, is that the company agreed to procure orders for the manufacture of goods (it does not appear what kind of goods) which should be satisfactory to and approved by plaintiffs. Plaintiffs agreed to advance to the company the cost of manufacturing the goods and incidental expenses, including the rent of an office and wages of an office boy. After the goods were delivered, the company agreed to de-

liver to plaintiff drafts upon the purchasers for the purchase price, and plaintiffs agreed to collect the drafts, and, after deducting the expenses of collection and the advances made by them, to divide the balance equally with the company. The answer further alleges that the agreement between the defendant and plaintiffs was without consideration; that prior to the execution thereof defendant. purchased of the Silver-Metal Company. certain merchandise, the company representing that it had good and perfect title thereto; that the purchase price agreed to be paid was $775, for which amount drafts were drawn by the company to the order of plaintiffs on defendant, which he refused to honor; that plaintiffs subsequently represented to defendant that they had acquired the title of the company in and to the merchandise so sold, and in and to the purchase price thereof, and also represented that the company had a good and perfect title to said merchandise, and the right to sell the same to him; that the agreement upon which the action was brought was made by defendant upon the faith of these representations, he believing them to be true; that the merchandise in question was not owned by either the plaintiffs or by the Silver-Metal Company, but by one Henry P. Parrott, of Bridgeport, Conn., who, prior to the commencement of this action, in a replevin action in the supreme court of this state, recovered the possession thereof from defendant. The allegation in the answer concerning the bringing of an action by Parrott and the taking of the property therein is followed by this allegation: "All of which this defendant duly notified said plaintiffs." The answer contains the following allegation, immediately preceding the prayer for judgment: "That by reason of the facts herein set forth said agreement was given without consideration, and is unenforceable against this defendant".

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Vernon Cole, for appellant.
Jas. C. De La Mare, for respondents.

LAUGHLIN, J. Three considerations might be inferred, from the complaint, for the execution of the contract therein set forth: (1) One dollar; (2) the transfer of plaintiffs' right, title, and interest in the merchandise and proceeds; and (3) that implied from the seal. The seal and nominal consideration expressed merely raise a presumption, and cast the burden upon the defendant of showing want of consideration. If the consideration were a compromise of a disputed claim with reference to the title of the property, that would be a good consideration, but the allegations of this pleading are insufficient for that purpose. Dolcher v. Fry, 37 Barb. 152; Seaman v. Seaman, 12 Wend. 381. Plaintiffs, by pleading their agreement with the Silver-Metal Company, recognize the fact that their contract with defendant related thereto and resulted therefrom. The agreement between plaintiffs and defendant recognizes the relation existing between plaintiffs and the Silver-Metal Company by virtue of the agreement between them, and plaintiffs' right under that agreement to collect the purchase price of the material sold. The only consideration for defendant's promise was the original sale and delivery of the goods. The answer shows that plaintiffs neither had any title to or interest in the goods, or lien thereon, or right to the purchase price thereof. According to the allegations of the answer, plaintiffs had no claim that was enforceable against this defendant at the time of the execution of the alleged agreement. Their claim against defendant was merely that of un-

disclosed principals, or as equitable assignees of the account for the goods sold and delivered. The most that can be claimed for the contract between plaintiffs and the defendant is that it transferred plaintiffs' claim from the original account to a new promise, quite like an account stated, based on the goods sold and delivered, as the consideration. In every sale of goods or other property, even though the contract be in writing, unless expressly stipulated otherwise, there is an implied warranty of title. The recovery of the goods from the purchaser by the true owner in a judicial proceeding constituted a failure of title and of consideration, which is a good defense in an action for the purchase price. Bordwell v. Collie, 45 N. Y. 494; Ledwich v. McKim, 53 N. Y. 307; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137–146, 43 N. E. 422; McGiffin v. Baird, 62 N. Y. 329. If plaintiffs be deemed creditors of the company, and assignees of the account owing to it by defendant, they hold the claim subject to any defense that might be pleaded against their assignor. If they are to be considered principals, and the company their agent or employé, to manufacture and sell, manifestly they cannot claim the purchase price of property they never owned. The same is true if plaintiffs and the company were partners or joint owners. If the contract were susceptible of the construction that it was executed in settlement of a bona fide dispute between plaintiffs and defendant as to the right of the former to collect for the goods sold by the Silver-Metal Company, the defendant would then be foreclosed from asserting any defense to the matters that were in dispute; but he would not be barred from interposing a defense of a failure of consideration, based upon an implied warranty of title. According to the answer, the purchase price of the goods was $775, and that was the total amount of the drafts drawn upon defendant by the Silver-Metal Company to the order of plaintiffs. This is the same amount as that which defendant agreed to pay plaintiffs. The legitimate inference, therefore, to be drawn from the complaint is that the contract was made for the purpose of having the defendant recognize the right of plaintiffs, instead of their assignor, to collect the purchase price of the goods. It is not to be presumed that defendant would have executed the contract, promising to pay the full value of the goods, if there was at that time any real controversy with reference to the title he acquired from the Silver-Metal Company. The account for the goods sold doubtless passed to plaintiffs with the drafts, by equitable assignment. Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515. The defendant's contract recognized this, and he agreed to pay the account to plaintiffs, but it is evident that the sale and delivery of the goods was the consideration therefor. The answer shows that there was no debt to be assigned, and that there was a failure of consideration. This will constitute a good defense, if established on the trial. Wells v. Wells, 8 App. Div. 422, 40 N. Y. Supp. 836; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Mayer v. Mayor, etc., 63 N. Y. 455; 1 Pars. Cont. 462. Probably defendant would

not be permitted, without showing fraud or mistake, to prove that there was no consideration for the contract (Fuller v. Artman, 69 Hun, 546, 24 N. Y. Supp. 13); but, although the answer is inartistically drawn, in connection with alleging that there was no consideration it also alleges the facts constituting a failure of consideration. On a motion for judgment on the pleadings, the answer should be construed liberally, and, so construed, it sufficiently sets up the defense of failure of consideration. These views lead to a reversal of the judgment, and it becomes unnecessary to determine whether the allegations of the answer are sufficient to admit proof of fraud or mistake in the execution of the contract.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur, except O'BRIEN, J., who dissents.