(40 Misc. Rep. 680.)

### BROADWAY TRUST CO. v. FRY.

(Supreme Court, Appellate Term. May, 1903.)

1. BILLS AND NOTES—EVIDENCE OF WANT OF CONSIDERATION.
    Defendant was receiving teller for plaintiff. A shortage was discovered in the funds handled by him, and he made a note to plaintiff for a part thereof. *Held* error, in an action on the note, to exclude evidence of the circumstances surrounding its execution, and as to the cause of the shortage, it being competent to show want of consideration; there being no consideration if the shortage was due to a cause for which defendant was not liable.

2. TRIAL—EXCEPTIONS TO CHARGE—WHEN TAKEN.
    Code, § 995, expressly allows an exception to the charge to be taken before the verdict is given.

Appeal from City Court of New York, Special Term.

Action on a note by the Broadway Trust Company against Charles P. Fry. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Charles Green Smith, for appellant.

Ira Leo Bamberger, for respondent.

GILDERSLEEVE, J.   In August, 1902, the appellant was receiving teller for the respondent.   About August 25th a shortage of $1,056 occurred in the funds handled by the appellant.   How this shortage arose, does not appear.   Certainly no fault, criminal or otherwise, was directly imputed to the appellant by the respondent.   A day or two after the shortage became known, Mr. May, president of the trust company, and the appellant had a conversation in which it transpired that the executive committee of the trust company determined to discharge the appellant.   Mr. May told the committee that the appellant was not a bank man, and "perhaps extenuating circumstances ought to be permitted."   He then proposed that the committee should refer the matter to him, to see what he could do with the appellant, and this was done.   Mr. May then said to the appellant, "You are short $1,056 on your account," and told him that the committee wanted to discharge him, but that he (May) "wanted to give him a chance to do better"; that, if he would pay $556, the company would "stand" the other $500, and that he would try and keep appellant on, which he testified he would have done, but for some report by his secretary, the nature of which the witness was not permitted to state.   Mr. May further testified that the appellant said he was "very pleased to pay" the $556.   The appellant then paid $25 in cash, and made the note in suit for $531.   Mr. May denied that this note was to be paid out of the appellant's salary, or that he was not to be discharged until the note was paid.   The answer denied that the note was made for value, and pleaded specially that the respondent agreed not to enforce it; that it should be paid in installments out of appellant's salary as respondent's receiving teller; and that on October 11, 1902, respondent discharged appellant without cause.

On the trial the court excluded all testimony concerning circumstances attending the making of the note, and the cause of the shortage in question.   We think this was error.   It was competent to show the want of consideration as between the parties to the instrument, and the denial that the note was given for value entitled the defendant to disprove whatever the plaintiff was required to prove on that subject.   Griffin v. Long Island R. Co., 101 N. Y. 348, 4 N. E. 740; Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388; Cary v. Western Union Tel. Co., 47 Hun, 610; N. Y. Sprinkler Co. v. Andrews, 38 App. Div. 56, 55 N. Y. Supp. 1020.   Enough appears in the evidence to indicate that the existence of a valid consideration for the note was not altogether clear.   All that was shown on that subject was that the defendant was short $1,056 in his cash; that the president of the trust company, without charging the defendant with dishonesty or carelessness, and apparently without investigating the matter, proposed that defendant pay $556 of the loss, and that plaintiff would "stand" the rest, intimating at the same time that defendant should retain his position in the company's service.   There is nothing in all this to charge

the defendant with any liability for the loss, and, if not liable, his note was without consideration. It was not the case of a claim honestly made on one side and disputed on the other. There was no foundation, nor the pretense of any, for requiring defendant to pay any part of the shortage. For aught that appears, he was no more blameworthy in the matter than the president himself.

During the trial the justice remarked to the jury that "there was $1,056 missing. Apparently this man was accused of being careless, and finally he agreed to give the note in question." This was erroneous, in fact, as the respondent did not charge the appellant with carelessness, and it was necessarily prejudicial to the appellant. Again, in charging the jury, the court said the only question for them to consider was how the note was to be paid; also that, as matter of law, the note was a valid one. Later in his charge, the judge, referring to the testimony of the defendant that the note was to be paid out of his salary, said:

"How does he say, over his own signature, this note was to be paid? Does he say that the $531 was to be paid out of his salary? No; 'On demand I promise to pay;' not 'Out of my salary,' but 'On demand I promise to pay $531.' This was not a note that was handed to him made out. It was a note he drew himself in his own handwriting. Now, are you going to allow this man to discredit his own handwriting in that fashion? It is for you to say whether or not you believe, in the face of his own handwriting," etc.

This part of the charge was calculated to influence the jury to the serious prejudice of the appellant. It was hardly fair, considering that very many defenses to negotiable paper involve the same apparent inconsistency. These expressions of the court may have excited prejudice in the minds of the jury against the appellant. Davis v. Marvine, 11 App. Div. 440, 24 N. Y. Supp. 322; Davison v. Herring, 24 App. Div. 402, 48 N. Y. Supp. 760; People v. Hill, 37 App. Div. 327, 56 N. Y. Supp. 282; Lorch v. Lorch (Sup.) 63 N. Y. Supp. 567. Unfortunately the mind of the justice was confused as to the issues, which led him to say at one stage of the trial that the only question was whether the note was given on plaintiff's promise not to discharge the defendant, and at another that the only question was how the note was to be paid, wholly ignoring the question whether defendant was liable for the shortage for which the note was given. This issue was paramount to the others. This confusion in the justice's mind would naturally be shared in some measure by the minds of the jury. Again, in denying the right of defendant's counsel to except to the charge, then already made, after the jury retired, but before the verdict·was rendered, the court plainly erred. Section 995 of the Code expressly allows an exception to the charge to be taken before the verdict is given and it is even allowed after a sealed verdict has been rendered and the jury has been allowed to separate. Panama R. Co. v. Johnson (Sup.) 12 N. Y. Supp. 499; Polykranas v. Krausz, 73 App. Div. 583, 77 N. Y. Supp. 46. For these errors, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.