### REYNOLDS v. STEIN et al.

(Supreme Court, Appellate Term. June 25, 1909.)

EVIDENCE (§ 419*)—CONTRACTS UNDER SEAL—CONSIDERATION.

　　Under 2 Rev. St. (1st Ed.) pt. 3, c. 7, tit. 3, § 77, and Code Civ. Proc. § 840, a defendant, sued on a bond, which he defends by alleging want of consideration, is entitled to show that the intended and agreed consideration was different from that expressed in the bond.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1924; Dec. Dig. § 419.*]

Appeal from City Court of New York, Trial Term.

Action by Mamie Reynolds against Henry B. Stein and another. Judgment for plaintiff, and defendant Stein appeals. Reversed

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Studin & Sonnenberg, for appellant.
Albert I. Sire, for respondent.

PER CURIAM. The action is on a bond given by the defendant Stein as collateral security to a bond and mortgage given by the defendant Hawes. The latter defendant was not served with process and has not appeared in the action. The defense is want of consideration and mutual mistake. Having rigidly excluded all evidence tending in any degree to sustain the defense, the court below directed a verdict for the plaintiff. Defendant appeals.

The learned court below clearly misconceived the law of evidence with regard to sealed executory contracts. In such cases the seal is merely presumptive evidence of a sufficient consideration, which may be rebutted, as if the instrument were not under seal. 2 Rev. St. (1st Ed.) p. 406, pt. 3, c. 7, tit. 3, § 77; Code, § 840; Wells v. Wells, 8 App. Div. 426, 40 N. Y. Supp. 836; Juilliard v. Chaffee, 92 N. Y. 536; Baird v. Baird, 81 Hun, 302, 30 N. Y. Supp. 785; Home Life Ins. Co. v. Watson, 59 N. Y. 395; Ferris v. Hard, 135 N. Y. 364, 32 N. E. 129. Defendant was entitled, under the allegations of his answer, to show that the intended and agreed consideration was different from that expressed in the bond, and, further, that no such consideration passed. Baird v. Baird, 81 Hun, 302, 30 N. Y. Supp. 785; Id., 145 N. Y. 665, 40 N. E. 222, 28 L. R. A. 375; Broadway Trust Co. v. Fry, 40 Misc. Rep. 680, 83 N. Y. Supp. 103; Forgotson v. Cragin, 62 App. Div. 248, 70 N. Y. Supp. 979.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes