## PRIOR AGREEMENT MERGED INTO THE DEED TO THE PROPERTY INVOLVED.

Court of Common Pleas for Hamilton County.

H. Edmund Birnbryer v. Harry J. Lehman.

Decided, November 20, 1916.

*Contracts—Dwelling Built on Ground Owned by the Contractor— Purchaser to Assume Mortgage Upon Delivery of Deed—Action for Breach of Contract as to Compliance With Building Specifications —Does Not Survive Acceptance of Deed.*

1. Where L entered into a contract with B, whereby L agreed to construct a house upon a lot owned by him in accordance with certain plans and specifications, for which B agreed to pay the sum of $4,500, $400 or $500 of which was to be paid upon the execution of the contract, $500 upon the completion of the house, and to assume a mortgage of $3,500, which was to be an encumbrance on the premises at the time of the delivery of the deed, and subsequently thereto B accepted a deed for the property and entered into possession of the premises, assuming said mortgage and giving promissory notes for the balance due on the purchase price, no action for breach of the contract because of failure to comply with the specifications can survive the acceptance of the deed to and delivery of the possession of the premises, and a demurrer to a petition seeking damages for such breach will be sustained.

2. When a deed is delivered as an execution of a prior agreement, which provides for the delivery of said deed, the prior agreement is merged into the deed and no cause of action upon the prior agreement can then be had, but the rights of the parties must be determined by the deed so given in execution of the prior agreement, unless the elements of fraud or mistake are involved, or the deed was accepted under protest and with a reservation of the right to insist upon strict adherence to the terms set forth in the prior agreement.

*Robert Franken,* for the demurrer.

*Jones & Hoover* and *G. Albert Rummel,* contra.

Geoghegan, J.

Heard on demurrer to the petition.

There are two causes of action in the petition. The first recites in substance that the defendant was the owner of a lot of

land, and entered into a contract with the plaintiffs whereby he agreed to construct a house upon said lot in accordance with certain plans and specifications, for which plaintiffs agreed to pay the sum of $4,500, four or five hundred dollars of which was to be paid upon the execution of the contract, five hundred dollars upon the completion of the house, and the plaintiffs were further to assume a mortgage of $3,500, which was to be an encumbrance upon the premises at the time of delivery of the deed. The petition then recites that the specifications for the construction of the house were not complied with in certain respects; that the plaintiffs paid the defendant the $400 upon the execution of the instrument; that before the delivery of the deed they gave a note to defendant for $100, payable three months after date; that on the first day of November, 1915, the property was deeded to them and that they executed five additional promissory notes, four for $100 each and one for $140. Plaintiffs allege that by reason of the defendant's failure to build the house according to the specifications they have been damaged in the sum of $700, and that therefore there is no consideration for the promissory notes that they gave defendant. For a second cause of action they seek to enjoin defendant from negotiating the said notes into the hands of innocent purchasers, and ask for a cancellation and redelivery of the notes, and their general prayer is for a judgment in the sum of $700 for breach of the contract and an injunction as prayed for.

The demurrer filed is based upon the single ground that the petition does not state facts sufficient in law to constitute a cause of action. The demurrer is well taken.

It will be observed that the contract was to build a house upon a lot owned by the defendant. The building was to be done by the defendant according to certain plans and specifications, and upon the completion of the house and a delivery of the deed the balance of the purchase money was to be paid or secured by mortgage.

The action herein is for breach of the contract in this, that the specifications were not complied with, but it is difficult to see how an action for the breach of this contract can survive the acceptance of the deed to and the delivery of the possession of . the premises.

It is a well known proposition of law that where the delivery of a deed is provided for as an execution of a prior agreement, when the deed is delivered the prior agreement is merged into the deed, and no cause of action upon the prior agreement can then be had, but the rights of the parties must be determined by the deed so given in execution of the prior agreement, unless the elements of fraud or mistake are involved, or perhaps, that the deed was accepted under protest and with a reservation of the right to insist upon a strict adherence to the terms set forth in the prior agreement.

This principle has been enunciated under varying sets of circumstances in the following cases: *Brumbaugh* v. *Chapman,* 45 Ohio St., 368; *Evants* v. *Admrs. and Heirs of Strode,* 11 O. Rep., 480, 488; *Tucker* v. *White,* 125 Mass., 344; *Railway Co.* v. *Railroad Co.,* 141 Fed., 785; *Loftus* v. *Read,* 31 L. R. A. (N. S.), 457; 82 Kansas, 485; *Wells* v. *Wells,* 40 N. Y. Supp., 836; *Leggott* v. *Barrett,* 15 Chan. Div., 306, 311; *Milbourn* v. *Lyons,* 111 Law Times Rep., 388.

The petition herein is a straight out-and-out action upon the contract for damages for the breach thereof and for an injunction to restrain the defendant from negotiating the notes. No allegations of fraud or mistake in the acceptance of the deed are made, nor are any circumstances pleaded that would show that the acceptance of the deed was not intended as an execution of the contract. In fact, an examination of the entire pleading will not show any set of circumstances pleaded other than that the deed was accepted in compliance with the terms of the contract and as an execution thereof, and this being the fact, no cause of action such as sought to be enforced here survived the acceptance of the deed.

The demurrer will therefore be sustained.