JESSAMIN G. AMBLER, as Executrix, etc., of HENRY B. AMBLER, Deceased, Appellant, *v.* F. DuBois SMITH and Others, Respondents.

Third Department, December 30, 1932.

*John L. Crandell* [*John C. Tracey* of counsel], for the appellant.

*Ransom H. Gillett*, for the respondents.

McNAMEE, J. The appellant contends that the instrument dated July 15, 1931, was a valid contract based on a consideration, *first*, because it is a sealed instrument, and *second*, because the subscriptions constituted mutual agreements. The respondents' position is that the consents were without consideration, and as consents were void because not given at a stockholders' meeting.

The instrument is clearly executory, and, therefore, the presence thereon of a seal is only presumptive evidence of a sufficient consideration. (Civ. Prac. Act, § 342.) This presumption was amply rebutted by the testimony; and in fact no claim was made and no proof was given by the plaintiff that any actual consideration passed.

It will be observed that the document does not recite a consideration, and contains no words of mutual agreement; but merely consents to a sale, authorizes the directors to proceed therewith, to give an option, and to retire the bonds of the local company. There was no agreement to vote for a sale at the stockholders' meeting, nor even to be present thereat. The most that was evidenced by the consent was the attitude of the subscribers at the time of signing; and it cannot be inferred from this document that these subscribers intended at the time of the subscription to enter into a legal and binding obligation one with the other, and to say in substance and effect to each other subscriber: " I will endeavor to advance this proposed sale to the end, and will not oppose it in any circumstances; and in the event of my failure in these particulars I will pay you damages."

No one thereby agreed to do or refrain from doing anything; and in fact nothing was done *thereunder*. There was no promisor and no promisee. At most the instrument fell into that class of instruments known as voluntary subscriptions; and even for charitable and eleemosynary purposes, these are held binding only when a consideration can be shown in the way of services performed, obligations assumed, or liabilities incurred upon the request or invitation of the subscriptior. (*Allegheny College* v. *National Chautauqua County Bank*, 246 N. Y. 369; *Twenty-third St. Baptist*

*Church* v. *Cornell*, 117 id. 601; *Presbyterian Church of Albany* v. *Cooper*, 112 id. 517; *Keuka College* v. *Ray*, 167 id. 96; *Trustees of Hamilton College* v. *Stewart*, 1 id. 581.)

The consent was not present at the stockholders' meeting, nor was any action taken with reference thereto. There was no statutory warrant for the consent made as this one was. The statute provides that no sale of the property of a telephone company shall be valid " until it shall have been ratified and approved by a three-fifths vote of its board of directors or trustees, and by the vote or written consent of stockholders owning at least three-fifths of the capital stock *given at a meeting* of all the stockholders," called according to law. (Transp. Corp. Law, § 29.) It is clearly the purpose of the statute, in order to give binding force to such a consent, that it shall be given at a stockholders' meeting. At such a meeting the company's books presumably are present, and assurance may thus be had that consents or votes will be given only by such *bona fide* holders of the stock as have a right to vote thereon at the time the consents are given. (*Reiff* v. *Western Union Tel. Co.*, 49 N. Y. Super. Ct. [17 J. & S.] 441, 453, 454.)

The judgment should be affirmed, with costs.

VAN KIRK, P. J., HILL, RHODES and CRAPSER, JJ., concur.

Judgment affirmed, with costs.