JOHN K. COCHRAN, Plaintiff, *v.* MABEL N. TAYLOR, Defendant.

Supreme Court, Allegany County, October 9, 1935.

*John W. Hollis,* for the plaintiff.

*Francis B. O'Connor,* for the defendant.

HORTON, J. This action is for specific performance of an option under seal by the defendant upon certain oil property in Allegany county. The term of the option was four months. About a month after its execution defendant served written notice upon the optionee canceling the same, and a month after that he assigned his option to the plaintiff who, within the time fixed for performance, demanded a transfer of the property in question, offering to make the down payment and to execute a mortgage to secure the payment of the balance as provided therein. Upon her refusal to convey, he brings this action for specific performance.

Three defenses are offered to this action: *First,* that equity should not decree specific performance here because of the circumstances

under which the execution of the option was obtained; *second,* that defendant had the right to cancel the option because it was *nudum pactum;* and, *third,* that since the option by its terms involved the extending of credit to the optionee it was not enforcible by the assignee without tender of a bond executed by the optionee.

In view of the court's decision upon the last two of these defenses, it will not 'be necessary to consider the first.

The question involved in the second defense is whether an option under seal for the sale of land can be shown to be without consideration and, therefore, unenforcible. Section 342 of the Civil Practice Act reads: " A seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed."

An option is an executory instrument, and would seem to be squarely within this section. Plaintiff's counsel, however, insists that an option is the one executory contract to which this section does not apply, and cites as authority certain cases in this State hereinafter referred to, and section 366 of the Restatement of the Law of Contracts, with annotations as to the law of New York State, prepared by Professor Horace E. Whiteside of Cornell University, as follows: " The only executory contracts that are binding in New York solely by reason of being under seal or having a nominal consideration, are options." The cases in this State cited as authority for this proposition are *Fuller* v. *Artman* (69 Hun, 546); *Wells* v. *Wells* (8 App. Div. 422); *Olin* v. *Arendt* (27 Misc. 270); *Forgotston* v. *Cragin* (62 App. Div. 243), and *Spitzli* v. *Guth* (112 Misc. 630).

The substance of the opinions in these cases is that while the presumption of consideration arising from the use of a seal is subject to rebuttal or explanation the expression of a consideration in such instrument is not subject to contradiction for the purpose of invalidating the instrument; in other words, that while the consideration may be explained or while it may be shown that there was a failure of consideration, evidence of want or absence of consideration cannot be received. Only one of the above authorities was squarely upon the point involved here, although all seem to support the same view.

On the other hand, there seems to be an abundance of authority that the distinction between evidence of failure of consideration and that of want or lack of consideration is too nice to be considered and that the language of section 342 of the Civil Practice Act means exactly what it' says. Thus, in *Baird* v. *Baird* (81 Hun, 300) the court said: " We are inclined to the view that it [evidence] may also be received for the purpose of showing a want of consideration. It is true that the mortgage is under seal, and recites that it was given

in consideration of the sum of $1,500. Formerly, a seal upon an instrument imported consideration, and the presumption could not be rebutted, so as to invalidate the instrument; and such is still its effect upon executed instruments, such as a deed of real estate; but upon executory contracts its effect has been changed by statute, so that a seal is only presumptive evidence of a sufficient consideration which may be rebutted as if the instrument was 'not sealed. * * * A mortgage is an executory instrument and comes within the provisions of this statute."

Upon affirmance by the Court of Appeals (145 N. Y. 659) the court said (at p. 662): "The presumption of some consideration that arose from the presence of a seal was overthrown, and we must assume that the instruments were without consideration of any kind." And (at p. 665): "It was originally supposed that the recitals and clauses of a contract expressing a consideration could not be varied by parol proof to the contrary, but that rule was gradually abandoned and now that clause is open to parol proof. * * * So, also, the conclusive presumption of a consideration which formerly arose from the presence of a seal was modified by statute, and it is now open to the maker of such an instrument to allege and prove the absence of any consideration in fact as a defense. * * *

"There are, it is true, expressions to be found in some cases to the effect that while the question of consideration is open to be varied by parol proof, yet the party cannot be permitted to claim that a deed or other instrument with a consideration clause or a seal, or both, is wholly without consideration, and thus entirely defeat it. If this idea is anything more than a somewhat shadowy and fanciful remnant of the ancient law, it is not easy to define its precise scope or practical application when applied to an executory instrument like a mortgage."

In *Hutchison* v. *Ross* (262 N. Y. 381, 398) the court said: "Recitals, even recitals of consideration, unless intended themselves to embody a contractual right or obligation, may be contradicted."

In *Ambler* v. *Smith* (237 App. Div. 226) the stockholders of a telephone company signed consents under seal authorizing the sale of its property to the New York Telephone Company and authorizing the officers to give an option for the sale of the property. Later some of the subscribers withdrew. In an action against them for breach of contract the court said: "The instrument is clearly executory, and, therefore, the presence thereon of a seal is only presumptive evidence of a sufficient consideration. (Civ. Prac. Act, § 342.) This presumption was amply rebutted by the testimony; and in fact no claim was made and no proof was given by the plaintiff that any actual consideration passed."

To the same effect are *Bernstein* v. *Kritzer* (253 N. Y. 410); *Thomas* v. *Scutt* (127 id. 133); *Hendricks* v. *Clements* (195 App. Div. 144), and *Jones* v. *Guaranty & Indemnity Company* (101 U. S. 622) in which the court said (at p. 631): " It is common learning in the law that parol evidence is admissible to show that a deed absolute on its face is a mortgage, to establish a resulting trust, to show that a written contract was without consideration."

*Hartford-Connecticut Trust Co.* v. *Devine* (97 Conn. 193; 116 A. 239) was an action for specific performance of an option for sale of real estate which contained the usual formal recitals of consideration and receipt thereof, and was under seal. Defendant alleged that the option was wholly without consideration. The plaintiff demurred to this defense on the ground the instrument was sealed and recited a consideration. In a well-considered opinion on this question the court said: " The modern rule permitting the actual consideration to be enquired into notwithstanding the presence of a seal, cannot be carried so far as to permit proof of an entire absence of consideration for the purpose of nullifying the effect of the deed as a legal act; that is, of denying its legal effect as a conveyance of the specified title to the described premises. But neither is that purpose sought to be accomplished by the second defense in this case, because the proof of an entire lack of consideration will not nullify the effect of the writing as an option; it will only modify its quality as being revocable or not, concerning which no promise of the grantor is expressed in the writing itself. And it being certain that the seal no longer locks up the consideration so that it may not be enquired into, we see no difference, so far as the prohibitions of the parol-evidence rule are concerned, between enquiring into the actual consideration for the purpose of converting a deed absolute in form into a conditional deed, and for the purpose of converting an option irrevocable in form into a revocable option."

It will be noted that the case last above referred to seems to favor the contention of the plaintiff that evidence of lack of consideration cannot be received for the purpose of invalidating a sealed instrument, though recognizing " that there is some conflict of authority on the precise question whether an option under seal may be shown to have been given without consideration." The case, however, holds the evidence admissible, on the ground that it does not *per se* make the instrument wholly invalid, but simply changes it from an irrevocable to a revocable option. It, therefore, avoids the conclusion reached by the cases relied on by the plaintiff herein.

The cases above referred to show that the solemnity and significance of a seal upon an instrument have been steadily diminishing (See *Harris* v. *Shorall*, 230 N. Y. 343) until finally the Legislature

of this State has enacted into law a statute which takes away the last remnant of its importance, chapter 708 of the Laws of 1935, which provides that on all instruments executed after September 1, 1935, a seal shall not be received as conclusive or presumptive evidence of a sufficient consideration. (Civ. Prac. Act, § 342, as amd.)

In the light of the above, this court feels that it should not decide this question upon cases of doubtful authority but rather upon those of the higher courts in harmony with modern tendency and in accordance with the plain meaning of the section of the Civil Practice Act. Furthermore, the court can see no reason for differentiating options from other executory contracts in the application of this statute.

It is clear from the evidence that there was no consideration for this option. The evidence was properly received and the instrument was of no effect after its revocation before acceptance.

In view of the foregoing, it is unnecessary to consider the third defense above referred to. However, the court may say in passing that it believes that since the option was for a sale at $115,000, of which twenty per cent was to be paid in cash and the balance upon credit secured by a purchase-money mortgage, specific performance should not be granted to the assignee of the optionee without proof that he has tendered a bond executed by his assignor, the optionee. (See *Lojo Realty Co., Inc.,* v. *Estate of Johnson, Inc.,* 227 App. Div. 292; affd., 253 N. Y. 579.) No such proof was made here, and for this added reason judgment should be entered against the plaintiff, with costs.