Per Curiam.

In consequence of the omission of the defendant in error, to make a defence in the former action against him, and to produce his receipt to show the payment of the debt, he was forever barred from maintaining an action to recover back the money he had paid; and the question now is, * whether the promise to repay the amount of the money expressed in the receipt is valid in law.
The debt having been paid, the recovery in the former action was clearly unjust; and though, in consequence of his neglect, the defendant in error lost all legal remedy to recover back his money ;(a) yet there was such a moral obligation, on the part of the plaintiff in error, to refund the money, as would be a good consideration to support an assy,mpsit or express pro *473 ihise to pay it. The moral obligation is as strong as any m the cases in which it has been held sufficient to revive a debt barred by statute or sortie positive rule of law. It is like the promise of an infant to pay a debt contracted during his non-age, or of an insolvent dr bankrupt to .pay a debt from which he is discharged fey his certificate, (a)
Judgment affirmed.

 Vide Jones v. Scriven, 8 Johns, Rep. 453. White v. Ward, 9 Johns. Rep. 232. Marriott v. Hampton, 7 Term. Rep. 269. Looms v. Pulver, 9 Jahns. Rep. 241.

 Vide. Secuten i). Eislord, 7 Johns. Rep. 36. Cowp. 544.