By the Court, Nelson, Ch. J.
The admissions of the plaintiff’s testator that the judgment in question had been paid, were clearly proved, and I think the learned judge might have safely placed the case upon this ground alone before the jury, who would not probably have hesitated in finding the fact. Such was, indeed, the effect of the charge. But it is insisted that an error was committed in receiving evidence of payments upon the contract before judgment rendered, and of the agreement of the testator to apply them in satisfaction. I think, however, the evidence was proper within the principle of Bentley v. Morse, (14 John. 468.) There, M. paid B. an account for work, done, and the 1 atter afterwards recovered judgment on the account by default. When reproached for the act, B. denied- all knowledge of the payment, but agreed that if the demand had in fact been paid, he would refund the money. The court said: “ The debt having been paid, the recovery in the former action was clearly unjust; and though, in consequence of his neglect, the defendant in error [B.] lost all legal remedy to recover back his money; yet there was such a moral obligation on the part of the plaintiff in error [M.] to refund the money, as would be a good consideration to support an assumpsit or express promise to pay it.”
In the case before us, there existed a clear legal as well as equitable obligation to apply the payments in extinguishment of the debt against the defendant, before it passed into judgment; and though afterwards the obligation became incapable of being en *309 forced, still it constituted a good consideration for the subsequent agreement of the plaintiff’s testator. (Edwards v. Davis, 16 John. 283 note, (a); Bull. N. P. 147; Wennall v. Abney, 3 Bos. & Pull. 249, note; Ehle v. Judson, 24 Wend. 97; Stafford v. Bacon, 1 Hill, 532, 539.)
New trial denied.