Barbour, J.
dissenting. (After stating the facts.) It is quite clear that the defendants are not' entitled, under the allegations in their answer, to recover the damage sustained by them upon the ground, simply, that the plaintiff was bound by the maxim sic utero tuo ut alienum non Icedas, as .the owner and occupant of adjoining or adjacent premises, and independent of his agreement with the defendants, to keep the roof in such repair, as that injury should not thereby be done to his neighbors. The questions are, -first, whether the undertaking of the plaintiff to repair, was founded upon a sufficient consideration, an oral agreement to that effect, so supported, being good ; (Post v. Vetter, 2 E. D. Smith, 248;) and, if not, then, secondly, whether his implied oral admission that he was liable for the damage, and his agreement with the defendants, that the goods should be sold at auction by the latter, and that such sale was had, (irrespective of any promise on his part to repair,) entitle the defendant to a recovery here.
The point, taken at the hearing, that when the promise to repair was made by the plaintiff, the premises occupied by the *225 defendants were in an untenantable condition, and, therefore, that the running of the rent was suspended under the operation of the 845th ch. of the Laws of 1860, (p. 592,) cannot be sustained; there being no evidence that the premises were then untenantable. But, if it was, legally, the duty of the plaintiff to keep the roof in such repair that the defendants should not be injured thereby, it can hardly be doubted that such obligation constituted a good consideration for the promise. A promise to do that which the promisor is legally bound to do, needs no new consideration to support it. (Chitty on Cont. 47.) Even a moral obligation is, in many cases, sufficient (Id. Bentley v. Morse, 14 John. 468. Cameron v. Fowler, 5 Hill, 306.)
In the printed case before us, it is admitted that the plaintiff was the owner of the entire building, including, of course, the roof, at the time of the injury; and I think the jury would have been warranted in finding, from the plaintiff'’s promise to repair, with the other circumstances testified to by the witness, and in the absence of evidence to the contrary, that he was also then in the actual possession of all the building except that part occupied by the defendants ; and as the case also shows that the premises occupied by the defendants, were wholly unconnected with the other portions of the building, I can perceive no reason why the plaintiff was not bound as a neighbor, owning and occupying adjoining premises, even though covered by the same roof, to so manage his own property, as not to injure that of his neighbor, just' as much as he would have been, had the premises occupied by the respective parties been covered by different roofs, or even separated by intermediate buildings; although he was not, under any provisions contained in the lease, nor at all in his character as landlord, required to keep the roof in a safe condition. (See Eakin v. Brown, 1 E. D. Smith, 36; 1 Hillard on Torts, 129; Tenant v. Goldwin, 6 Mod. R. 311.) The defendants, then, having proved a valid undertaking on the part of the plaintiff to keep his roof tight, were entitled, under the pleadings, to show that the injury to their goods was *226 caused by the plaintiff’s failure to -perform. It follows that the court erred, I think, in excluding the evidence offered to show that the injury was so caused.
I am of opinion, too, that the evidence before the jury would have justified them in finding, had the case been submitted to them for that purpose, that the defendants presented their claim to the plaintiff for the damages in question, and that he admitted his liability ; that it was thereupon agreed between the parties that the goods should be sent by the defendants to auction and there sold, and the amount of damage, thus ascertained, should be applied upon the rent, and that they were so sold in accordance with such agreement; and that those facts would have authorized a verdict for the defendants, independent of the question as to the promise of the plaintiff to keep the roof in proper repair. For the agree-! ment proven was a mutual one ; the defendants undertaking to send their goods to auction, and have them there sold, including, of course, the payment by him of the costs of cartage, and the auctioneer’s commissions, and the plaintiff, in consideration thereof, agreeing that the amount determined' by such sale, should be applied in payment of the rent. The rule of law that an agreement by which one party subjects himself to a charge, or which obliges him to perform an act, is a good consideration for an undertaking on the part of the other, is too well established to require discussion. (Chitty on Cont. 29.)
For these reasons I am of opinion that the direction to the jury was erroneous, and that the verdict should be set aside, and a new trial granted, with costs to abide the event of the action.
Judgment for the plaintiff,