HULL v. HULL et al.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

1. PLEADING ⊜⟶217(2)—DEMURRER—OPENING RECORD.
    By plaintiff's demurrer to the answer the complaint is opened to examination as to its sufficiency.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 537, 542, 548; Dec. Dig. ⊜⟶217(2).]

2. ASSIGNMENTS ⊜⟶72—NATURE OF ASSIGNMENT.
    An assignment is not an executory instrument, but is completed by delivery of the assignment.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 131, 132; Dec. Dig. ⊜⟶72.]

3. CONTRACTS ⊜⟶48—CONSIDERATION—EXECUTED INSTRUMENTS—SEALS.
    Code Civ. Proc. § 840, making a seal upon an executory instrument only presumptive evidence of consideration, has not changed the common-law rule that as to executed and delivered instruments a seal imports a consideration.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 406; Dec. Dig. ⊜⟶48.]

4. PLEADING ⊜⟶8(15)—MATTERS OF FACT OR CONCLUSIONS—FRAUD.
    An allegation that defendant "fraudulently" represented that the act from which plaintiff seeks relief "would be for plaintiff's interest" is not that plain and concise statement of facts which the Code requires.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 28½; Dec. Dig. ⊜⟶8(15).]

5. PLEADING ⊜⟶217(2)—DEMURRER—OPENING RECORD—PLEADING FRAUD.
    Where a complaint alleges that defendant fraudulently represented that the act from which plaintiff seeks relief would be for plaintiff's interest, but does not state facts showing that the act was not for his interest, and affirmative defenses demurred to by plaintiff tend strongly to show it was for his interest, defendant, on demurrer to his answer, is entitled to judgment dismissing the complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 537, 542, 548; Dec. Dig. ⊜⟶217(2).]

6. EXECUTORS AND ADMINISTRATORS ⊜⟶315(6)—DECREE OF DISTRIBUTION—CONCLUSIVENESS.
    One seeking to set aside an assignment by him of his interest in an estate is estopped by a probate decree in a proceeding settling accounts to which he was personally cited, which approved distributing the estate in pursuance of the assignment.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1309; Dec. Dig. ⊜⟶315(6).]

7. PLEADING ⊜⟶218(3)—JUDGMENT ON DEMURRER.
    Granting an affirmative judgment upon a counterclaim, on overruling a demurrer to the answer and sustaining it as to the complaint, on the ground that such complaint does not state a cause of action, is an irregularity.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 554, 557–563; Dec. Dig. ⊜⟶218(3).]

8. APPEAL AND ERROR ⊜⟶125—REVIEW—CONSENT JUDGMENT.
    A judgment, whose form was agreed to by the parties. although it grants affirmative relief on a counterclaim, will not be held erroneous on appeal, since plaintiff by agreement waived his rights.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 883; Dec. Dig. ⊜⟶125.]

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

9. ESTOPPEL ⊛═63—WAIVER.

One may waive a rule of law, or a statute, or even a constitutional provision, enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public morals are involved, and, having done so, cannot subsequently invoke its protection.

[Ed. Note.—For other cases, see Estoppel, Dec. Dig. ⊛═63.]

Appeal from Trial and Special Term, Broome County.

Action by Merritt Hull against John Hull, Jr., and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

T. B. & L. M. Merchant, of Binghamton, for appellant.

Harry C. Walker, of Binghamton, for respondent Hull.

Newell & Rhodes, of Binghamton (Leon C. Rhodes, of Binghamton, of counsel), for other respondents.

WOODWARD, J. The complaint alleges that the plaintiff and defendants are brothers, and are sons of John Hull, Sr., who died in the city of Binghamton, on or about June 25, 1897, leaving a last will and testament, duly admitted to probate, and that the defendant John Hull, Jr., was appointed executor thereof, and thereupon duly qualified and entered upon the discharge of his duties; that under and by the terms of the said will the plaintiff was given a residuary interest of one-seventh in said estate after the payment of certain legacies, which, as plaintiff is informed and believes, amounts to more than $1,478.25, and that no part thereof has ever been paid to said plaintiff; that on or about the 18th day of August, 1899, the plaintiff, at the request and solicitation of John Hull, Jr., signed and delivered to said John Hull, Jr., a paper or assignment which, as plaintiff afterward learned and is now informed and believes, was an assignment under seal, reciting a valuable consideration, of the plaintiff's interest in the said estate of John Hull, deceased, to James Hull and Frank Hull (the instrument being set out in full in the complaint); that the defendant John Hull, Jr., fraudulently represented to plaintiff that it would be to plaintiff's interest to execute and deliver said assignment, and promised and agreed that such assignment would be held by defendant John Hull, Jr., in escrow, and not delivered to James Hull and Frank Hull, or to either of them, and not used for any purpose whatever, and would never be used or delivered unless and until such use or delivery was authorized by said plaintiff; that plaintiff, relying upon such representations so made by the defendant John Hull, Jr., delivered said assignment to him, with the understanding that the same should be held in escrow, and not delivered or used for any purpose whatever, unless and until such delivery or use was directed by said plaintiff, and that same would be destroyed by said John Hull, Jr., unless said use was directed by said Merritt Hull within a reasonable time, and that said Merritt Hull has never authorized the said John Hull, Jr., to deliver said assignment to James and Frank Hull, or either of them, or to use the same for any purpose whatsoever; that this assignment, on information and be-

lief, has been continuously in the possession of John Hull, Jr., since the said 18th day of August, 1899, until on or about April 13, 1914, and was never delivered to Frank and James Hull, or either of them; that said assignment was wholly without consideration, and that no consideration was ever given or paid by either John Hull, Jr., James Hull, or Frank Hull to this plaintiff therefor, and that said James Hull and Frank Hull never requested or authorized the said John Hull, Jr., to procure such assignment for them, or either of them; that said assignment had entirely passed from the mind of the plaintiff until after the 13th day of April, 1914, and that plaintiff supposed the same had been destroyed by said John Hull, Jr.,; that the defendants Frank and James Hull were residuary legatees under the will aforesaid to the extent of one-seventh, and that between the 3d day of September, 1897, and the 13th day of April, 1914, the defendant John Hull, Jr., as executor of the estate of John Hull, Sr., deceased, paid to said James Hull the sum of $2,295.58 or upwards, and paid to the said Frank Hull the sum of $2,398.75 or upwards; that the aforesaid John Hull, Jr., without the knowledge or consent of the plaintiff, filed the said assignment in the office of the surrogate of Broome county on or about the 17th day of April, 1914, and subsequently filed his accounting in said Surrogate's Court, wherein it was set forth that a portion of said payments to James Hull and Frank Hull aforesaid was made pursuant to said assignment, but that said sum so paid as aforesaid exceeded both the amount of their respective one-seventh interests in said estate and the said alleged portion from the share of Merritt Hull, and that on said final accounting said executor, John Hull, Jr., was surcharged by said surrogate's court for excess payments to James Hull in the sum of $696.92, and to the said Frank Hull in the sum of $809.24; that under said assignment the defendant John Hull, Jr., claims to and has heretofore paid to said defendants James Hull and Frank Hull the sum of $1,478.25, being part of the moneys to which this plaintiff is entitled by reason of his said interest in said estate. These are substantially the allegations of fact, and the demand for judgment is that the "said instrument dated August 18, 1899, executed by said plaintiff Merritt Hull, and filed in said Surrogate's Court on April 13, 1914, be declared fraudulent and void, and that the same be set aside and canceled, and that plaintiff have judgment against John Hull, Jr., in the sum of $1,478.25, with interest from April 13, 1914, and that in the event of execution being returned unsatisfied that the plaintiff have judgment against the other defendants.

The answer of the defendant John Hull, Jr., denies all of the material allegations of the complaint except the relationship of the parties and the fact that he has paid over the sums mentioned to the other defendants, and sets up several defenses, and the plaintiff demurs to the separate defense and counterclaims, consisting of new matter, respectively set forth in the paragraphs third, seventh, and eighth. As to the third paragraph it is urged that it is insufficient in law upon the face thereof, while as to the seventh it is claimed that as a defense it is insufficient in law upon the face thereof, and that as a counterclaim it appears on the face thereof that it is not of the character specified in sec-

tion 501 of the Code of Civil Procedure, and that it does not state facts sufficient to constitute a cause of action, and as to the eighth paragraph it is insisted that it is insufficient in law on the face thereof; that as a counterclaim it appears on the face thereof that it is not of the character specified in section 501 of the Code of Civil Procedure, and does not state facts sufficient to constitute a cause of action.

The learned court found as conclusions of law that the complaint failed to state facts sufficient to constitute a cause of action, overruled the plaintiff's demurrers, and that "the plaintiff not asking for or desiring leave to plead over, and the allegations in the separate defenses and counterclaims demurred to being thereby admitted," it was ordered that a final judgment be entered in favor of the defendants Frank Hull and John Hull, Jr., individually and as executor of the estate of John Hull, Sr., deceased, dismissing the complaint upon the merits; that the demurrers be overruled, with costs, and that the defendant Frank Hull have judgment against the plaintiff for the sum of $97.59, with interest thereon; and that the defendant John Hull, Jr., have judgment against the plaintiff for the sum of $585.37, with interest and costs. The plaintiff appeals from the judgment.

[1-3] It seems entirely clear that the complaint, which is opened to examination by reason of the plaintiff's demurrer (Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778), fails to state facts necessary to constitute a cause of action. The instrument which is sought to be set aside on the ground of fraud is alleged to have been "signed and delivered to said John Hull, Jr.," and this instrument, under seal, recites that it is "for a valuable consideration." While it is true that under the provisions of section 840 of the Code of Civil Procedure an executory instrument under seal is only presumptive evidence of consideration, which may be rebutted, an assignment is not an executory instrument. It is completed by delivery of the assignment, and the statute has not changed the rule of the common law in respect to such instruments. Baird v. Baird, 81 Hun, 300, 302, 30 N. Y. Supp. 785, affirmed 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375; Williams v. Whittell, 69 App. Div. 340, 346, 74 N. Y. Supp. 820. The allegations of the complaint that the instrument was without consideration can therefore have no bearing upon the question. The declaration that the instrument was signed and delivered, and the instrument itself being set forth and being under seal, it is conclusive upon the plaintiff in so far as the question of consideration is concerned.

[4, 5] The allegation of the complaint that the "defendant, John Hull, Jr., fraudulently represented to plaintiff that it would be for the plaintiff's interest to execute and deliver said assignment, and promised and agreed that such assignment would be held by the defendant John Hull, Jr., in escrow, and not delivered to James Hull and Frank Hull, or either of them, and not used for any purpose whatever, and would never be used or delivered unless and until such use or delivery was authorized by said plaintiff," is not an allegation of the facts necessary to constitute a cause of action for fraud. The mere characterization of the representations alleged to have been made by John Hull, Jr., as "fraudulent," without telling us what these repre-

sentations were, is not that plain and concise statement of facts which the Code requires. John Hull, Jr., had no interest in the assignment; the instrument ran to James and Frank Hull, and there is nothing to show that the alleged representations of John Hull, Jr., that it would be to the interest of the plaintiff to make and deliver the said instrument were not true, or that they in any manner tended to deceive or mislead the plaintiff to his disadvantage. If the plaintiff executed and delivered the assignment on the theory that it was for his interest to do so, then the allegation that this delivery was made in escrow, to become effective only upon the plaintiff's further action, is inconsistent with the alleged fraudulent representations, and the affirmative defenses pleaded by the defendants, demurred to by the plaintiff, tend strongly to show that the assignment was, in fact, in the interests of the plaintiff. We think the complaint was properly dismissed.

[6] But if there could be any reasonable doubt as to the propriety of dismissing the complaint upon the ground suggested, the allegations of the third paragraph of the defendants' answer, demurred to by the plaintiff, seem entirely sufficient to bring about the same result. It is there alleged that the defendant John Hull, Jr., as executor, took the necessary steps to procure a decree discharging him from further liability as such executor, and that the plaintiff was made a party to the proceeding and was personally cited, and that the plaintiff had actual knowledge of the execution and delivery of said assignment, and knew that the defendant, John Hull, Jr., individually and as executor, and the defendants James Hull and Frank Hull, were relying and acting upon said assignment as a valid and legal assignment, absolute in its terms and effect, and that the said John Hull, Jr., as such executor, had paid to Frank Hull and James Hull, pursuant to said assignment, the legacy given to said Merritt Hull by the will of said John Hull, Sr., and that the proceeding resulted in a decree finally settling the account, and that no appeal has been taken from that adjudication. The demurrer admitting these facts, the plaintiff is clearly estopped by the decree, and the complaint should be dismissed on that ground, assuming it to have stated a good cause of action in the first instance.

[7-9] There can be no doubt that there was an irregularity in granting an affirmative judgment upon the counterclaims, but it appears that the form of judgment was agreed to on the part of the plaintiff, through his attorney, and having once waived his rights in this regard he ought not to be heard to contend to the contrary for the purpose of overturning a judgment which seems to have done substantial justice to the parties. The rule is well established that a party may waive a rule of law, or a statute, or even a constitutional provision, enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public morals are involved; and, having once done so, he cannot subsequently invoke its protection (Mayor of New York v. M. R. Co., 143 N. Y. 1, 26, 37 N. E. 494), and no good reason suggests itself why the rule should not apply to the present case.

The judgment appealed from should be affirmed, with costs. All concur; KELLOGG, P. J., and COCHRANE, J., in result.