VINCENT P. GALVIN, as Administrator, etc., of VALENTINE O'NEILL, Deceased, Plaintiff, *v.* KATE M. O'NEILL, Individually and as Executrix of FREDERICK O'NEILL, Deceased, Defendant.

(Supreme Court, Monroe Special Term, July, 1919.)

**Pleading — when demurrer to complaint overruled — contracts — consideration.**

Where by a complaint upon a written contract claimed to be without consideration it appears that there was a moral consideration therefor connected with a prior legal consideration,

that the instrument was under seal, was a settlement of a family matter and had been substantially performed, a demurrer to the complaint will be overruled.

MOTION for judgment on demurrer to complaint.

Valentine O'Neill left the city of Rochester about the year 1883. His brother, William O'Neill, died January 14, 1893, leaving a will which was admitted to probate January 7, 1895, by the terms of which he bequeathed to his brother Valentine the sum of $10,000. The estate was settled by the executor and a decree of judicial settlement was entered under which the $10,000 was deposited in the Monroe county treasury to the credit of Valentine. Frederick O'Neill, another brother of Valentine, supposing that the latter was dead procured letters of administration upon his estate January 29, 1897, and thereafter the estate of Valentine was judicially settled and a decree made directing the treasurer of Monroe county to pay the sum of $10,000 with accumulations less legal fees to the brother Frederick. Thereafter and on October 18, 1902, Frederick died leaving a last will and testament in which he bequeathed to his brother Valentine the sum of $10,000 to be paid to him in case he survived him and personally presented himself and made .claim to the money. The will was admitted to probate and the estate was settled January 29, 1904. Later on and on January 15, 1906, the decree was opened and a further decree was made settling the estate of Frederick and decreeing that his estate including the sum of $10,000 should be turned over to his wife, Kate M. O'Neill. Valentine reappeared in the city of Rochester December 4, 1913, and made a claim to the money which had been bequeathed to him by his brothers and on December 10, 1913, a contract was made with Kate, individually and as executrix of her

husband, Frederick, whereby he was to receive $2,000 in cash and certain semiannual payments of which at the time of the commencement of this action there were two installments of $500 each remaining unpaid. The action is brought to recover on this contract and is opposed on the ground that there was no consideration for it.

Keenan & Keenan (Charles L. Bauer, of counsel), for motion.

John F. Kinney, opposed.

RODENBECK, J. It is claimed that at the time of the making of the contract there was no obligation on the part of Kate M. O'Neill either individually, or as executrix, to pay the claim of Valentine O'Neill under the will of his brother, Frederick O'Neill. This position rests chiefly upon the fact that Valentine had been made a party by publication to the proceedings for the settlement of the estate of Frederick and that the money had been paid over to her pursuant to a decree of the surrogate. The weakness of this contention lies in the fact that the bequest to Valentine was an absolute one by his brother Frederick which was required to be paid to him if he personally presented himself and made a claim for the same. Under this language any decree of the surrogate distributing this money even after notice by publication would not be binding upon Valentine so that when he appeared and claimed the money he was in a position to enforce that claim which was a sufficient consideration for the contract. Aside from that view, however, there was a moral obligation resting upon her to pay him the money connected with the legal obligation which existed under the will of her husband. A moral

or meritorious as distinguished from a valuable or pecuniary consideration, however, is not sufficient to support a contract, as for instance, services rendered to a married daughter at the request of the mother without any special agreement by the mother to pay for the services. *McGuire* v. *Hughes,* 207 N. Y. 516; *Matter of Wilbur* v. *Warren,* 104 id. 192, 196. Nor is a legal obligation sufficient to support a new contract, as for instance where an assignee promises his assignor a percentage in addition to his legal fees for diligent efforts in connection with the estate. *Carpenter* v. *Taylor,* 164 N. Y. 177. A moral consideration, however, connected with a prior legal consideration is sufficient to support a contract, as for instance, a promise to pay a debt outlawed or discharged in bankruptcy or contracted in infancy. In this case until the money had been paid to the defendant by the decree of the surrogate, there existed a legal obligation on her part to pay it to plaintiff's intestate if he presented himself and made a claim to it. This legal claim is connected with the moral obligation that existed on her part at the time that the contract was made and is sufficient to constitute a valid consideration for the contract. *Goulding* v. *Davidson,* 26 N. Y. 604, 609; *Ehle* v. *Judson,* 24 Wend. 97; *Bentley* v. *Morse,* 14 Johns. 468; 13 C. J. 358. The contract sued upon in this action also bears a seal which creates a presumption that there was a consideration for it (*Hull* v. *Hull,* 172 App. Div. 287; *Vulcan Iron Works* v. *Pittsburg Eastern Co.,* 144 id. 827, 829; *Howie* v. *Kasnowitz,* 83 id. 295; Code Civ. Pro. § 840), and as the facts on a demurrer are assumed to be true, the court must on this motion by reason of the existence of the seal assume that the instrument was based upon a good consideration. There may have been some other consideration and if there was no sufficient con-

sideration, it is a matter of defense. This contract also was made to settle a question between the members of the same family and the court will not scrutinize the consideration so closely as it would if the transaction were between strangers. 12 C. J. 362. The money originally came from William O'Neill and was distributed by Frederick O'Neill, as the administrator of his brother Valentine O'Neill. Still Frederick O'Neill regarded the bequest of William as a moral obligation and left the same amount by his will to Valentine and the same moral obligation connected, however, with a legal obligation rested upon the defendant when the contract was made to pay the money to the plaintiff's intestate. The defendant instead of permitting the plaintiff to resort to legal proceedings to establish his claim to the money chose to make this settlement with him and her payments thereunder constitute a recognition of her obligation which should not be disturbed after the contract has been substantially performed. 12 C. J. 355, 357. A demurrer will be overruled to a complaint upon a written contract claimed to be without consideration where the complaint shows that there was a moral consideration for the contract connected with a prior legal consideration, that the instrument was under seal, was a settlement of a family matter and that the contract had been substantially performed. The demurrer is overruled with leave to the defendant to answer within twenty days after the service of a copy of an order in accordance herewith and upon the payment of ten dollars costs of motion.

Ordered accordingly.